UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| NICHOLAS JUNK, | ) |
| | ) |
|     Plaintiff | ) |
| | )   CAUSE NO. 3:05-CV-614 RM |
|   vs. | ) |
| | ) |
| COLENE WINGO, *et al.*, | ) |
| | ) |
|     Defendants | ) |

OPINION AND ORDER

Nicholas Junk, a *pro se* prisoner, submitted a complaint under 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. PRO. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6). Weiss v. Colley, 230 F.3d 1027 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
>
>     In order to state a cause of action under 42 U.S.C. § 1983, the Supreme Court requires only two elements: First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is

> entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

Alvarado v. Litscher, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Mr. Junk presents three causes of action related to his medical treatment, the grievance process, and his access to the courts. The court addresses these claims in reverse order.

Mr. Junk alleges that Stephen Huckins refused to provide him with a copy of the medical section of the Prisoner's Self-Help Litigation Manual and refused to provide him with summons and USM-285 forms until after he submitted a complaint for copying. Mr. Junk alleges that this denied him access to the courts. There is no "abstract, freestanding right to a law library . . . [and] an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." Lewis v. Casey, 518 U.S. 343, 351 (1996). "[A] plaintiff must demonstrate that state action hindered his or her efforts to pursue a nonfrivolous legal claim and that consequently the plaintiff suffered some actual concrete injury." May v. Sheahan, 226 F.3d 876, 883 (7th Cir. 2000). Mr. Junk does not allege and, based on this complaint, it would not be reasonable to infer, that he suffered any actual injury as a result of being delayed or denied access to these these library materials. Mr.

2

Junk had access to materials necessary to file this complaint. Lewis requires no more. The right to access, goes no further than access.

> It must be acknowledged that several statements in Bounds went beyond the right of access recognized in the earlier cases on which it relied, which was a right to bring to court a grievance that the inmate wished to present . . . . These statements appear to suggest that the State must enable the prisoner to discover grievances, and to litigate effectively once in court. . . . These elaborations upon the right of access to the courts have no antecedent in our pre-Bounds cases, and we now disclaim them.

Lewis v. Casey, 518 U.S. at 354. Lewis only requires that an inmate be given access to file a complaint or appeal. Mr. Junk has done that here and any possible delay in filing this complaint has not resulted in any prejudice to him. This claim will be dismissed.

Mr. Junk alleges that Terri McDuffy and Larry Hawkins violated his First Amendment right to "redress grievances" (complaint at 18, docket # 1) when they misstated the grievance rules, refused to answer his grievances, and refused to give him grievance forms. The Constitution doesn't require any grievance procedure, nor any specific form, nor that government employees respond to grievances. Jones v. Brown, 300 F. Supp. 2d 674, 679 (N.D. Ind. 2003) ("[T]he First Amendment right to petition the government for a redress of grievances protects a person's right to complain to the government that the government has wronged him, but it does not require that a government official respond to the grievance.") Therefore these claims will be dismissed.

Mr. Junk alleges that Colene Wingo, Michelle Conrad, and Karen Henrich denied him medical treatment. In medical cases, the Eighth Amendment test is expressed in terms of whether the defendant was deliberately indifferent to the plaintiff's serious medical needs. Gutierrez v. Peters, 111 F.3d 1364, 1369 (7th Cir. 1997). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention, and if untreated could result in further significant injury or unnecessary pain, and that significantly affects the person's daily activities or features chronic and substantial pain. Gutierrez v. Peters, 111 F.3d at 1373. Mr. Junk alleges that he had trouble breathing, chest and stomach pains, and a desire to vomit. Giving Mr. Junk the benefit of the inferences to which he is entitled at the pleading stage of this proceeding, these allegations constitute serious medical needs.

Deliberate indifference is "something approaching a total unconcern for [the plaintiff's] welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm." Duane v. Lane, 959 F.2d 673, 677 (7th Cir. 1992). This total disregard for a prisoner's safety is the "functional equivalent of wanting harm to come to the prisoner." McGill v. Duckworth, 944 F.2d 344, 347 (7th Cir. 1991).

> [C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, *i.e.,* the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so.

4

Board v. Farnham, 394 F.3d 469, 478 (7th Cir. 2005) (quotation marks, brackets, and citation omitted).

> Negligence on the part of an official does not violate the Constitution, and it is not enough that he or she should have known of a risk. Instead, deliberate indifference requires evidence that an official actually knew of a substantial risk of serious harm and consciously disregarded it nonetheless.

Pierson v. Hartley, 391 F.3d 898, 902 (7th Cir. 2004) (citations omitted). It is not enough to show that a defendant merely failed to act reasonably. Gibbs v. Franklin, 49 F.3d 1206, 1208 (7th Cir. 1995). Even medical malpractice and incompetence would not state a claim of deliberate indifference. Walker v. Peters, 233 F.3d 494 (7th Cir. 2000).

Mr. Junk alleges that at 1:00 a.m. on April 1, 2005, he complained to a guard that he was "having trouble breathing, chest pains and I feel like I'm about to puke along with continual stomach pains." Complaint at 3, docket #1. The guard informed him that due to a cell extraction, he would have to wait for medical attention. At 1:35 a.m., Nurse Colene Wingo came to his cell and he repeated his symptoms. The nurse instructed him to lay down with a cold cloth on his forehead and to fill out a healthcare request form. Mr. Junk did not comply with this medical advice and demanded to see a nursing supervisor. Mr. Junk alleges that Nurse Wingo replied, "No!! In fact Hell No!!!" Complaint at 4, docket # 1. Mr. Junk complains that Nurse Wingo did not take his pulse, temperature or blood pressure.

Mr. Junk alleges that he was treated rudely, but he was seen and evaluated by the nurse who prescribed a course of treatment. Rude and unprofessional treatment does not state a claim. DeWalt v. Carter, 224 F.3d 607, 612 (7th Cir. 2000) ("Standing alone, simple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws.") Though Mr. Junk wanted specific diagnostic procedures, "[u]nder the Eighth Amendment, [a prisoner] is not entitled to demand specific care. She is not entitled to the best care possible." Forbes v. Edgar, 112 F.3d 262, 267 (7th Cir.1997). Nurse Wingo saw Mr. Junk and determined that his condition did not constitute a medical emergency. Perhaps her diagnosis was wrong, but the Eighth Amendment does not require medical success nor even reasonable treatment, it merely prohibits wanting harm to come to a prisoner. Even if the treatment was substandard, unreasonable, negligent, or even an act of medical malpractice (and the court is in no position to say such things), the facts alleged by Mr. Junk do not state a federal constitutional claim against Nurse Wingo.

Later that same day and for each of the next two days, Mr. Junk reported similar symptoms to Nurse Michelle Conrad, who told him to file a health care request form. Again Mr. Junk complains that Nurse Conrad did not take his pulse, temperature, or blood pressure. Nevertheless, she saw him and spoke to him at least three times over three days. She determined that he did not have a medical emergency and instructed him to file the necessary paperwork to request

6

an appointment. The facts alleged by Mr. Junk do not state a federal constitutional claim against Nurse Conrad.

On April 4, 2005, Nurse Karen Henrich provided Mr. Junk with a written response to his request for an appointment stating that he would be scheduled for the next available sick call. Mr. Junk states that as of September 11, 2005 he had still not been physically checked by anybody. Mr. Junk does not state, and based on this complaint it would not be reasonable to infer, that his symptoms persisted for five months or that he suffered any injury as a result of not getting a medical appointment. To prevail in a medical case, a plaintiff must demonstrate actual injury caused by the defendant's actions or omissions. Walker v. Peters, 233 F.3d 494, 502 (7th Cir. 2000). Therefore the complaint does not state a federal constitutional claim against Nurse Henrich.

For the foregoing reasons, this case is **DISMISSED** pursuant to 28 U.S.C. §1915A.

SO ORDERED.

ENTERED: December  1 , 2005

                                                /s/ Robert L. Miller, Jr.
Chief Judge
United States District Court